UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61850-CIV-DIMITROULEAS/SNOW

JARRET SILAGYI and
LAUREN SILAGYI,

    Plaintiff,

vs.

DANIEL TOWRISS,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiffs' Motion for Attorneys' Fees (ECF No. 27), which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motion is fully briefed and is ripe for consideration. On February 2, 2021, the undersigned granted the Defendant's Motion to Bifurcate the Issue of Entitlement to Attorneys Fees and Costs From The Amount Of Any Award, which the Plaintiffs did not oppose. (ECF Nos. 25, 26)

### I. BACKGROUND

This case arose from a vessel crash which occurred in December 2019. The Plaintiffs, who were injured in the crash, filed an in personam action for damages in Florida state court, in which they specifically invoked the "savings to suitors" clause of 28 U.S.C. § 1333. The Plaintiffs sought damages for personal injury and demanded a jury trial under common law. On September 11, 2020, the Defendant removed the case to federal court.

On September 21, 2020, the Plaintiffs filed a Motion for Remand to State Court (ECF No. 5), arguing that the savings to suitors clause preserves the historical

concurrent jurisdiction of the state and federal courts regarding maritime jurisdiction where the common law is competent to provide a remedy. The Plaintiffs pointed out that historically courts have held that exclusive federal court jurisdiction over admiralty claims only exists for in rem proceedings, not for in personam actions such as this one. Moreover, the clause precludes removal from the state court of an in personam action solely based on admiralty jurisdiction. Id. at 4-5.

The Plaintiffs went on to note that in 2011, Congress amended 28 U.S.C. § 1441, the statute governing diversity jurisdiction, after which a minority of district courts in the Fifth Circuit held that state actions could be removed based on admiralty jurisdiction alone, citing Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013). The Plaintiffs pointed out, however, that district courts in the 11th Circuit have declined to follow the reasoning of Ryan, citing a number of cases which remanded in personam cases which had been removed based on admiralty jurisdiction. (ECF No. 5 at 5-6)

On December 11, 2020, this Court granted the Motion for Remand, stating:

> [T]he Court agrees with Plaintiff that, as there is no diversity jurisdiction over this action . . ., nor is there any other independent basis for jurisdiction beyond the general maritime nature of the claims, the federal court lacks subject matter jurisdiction over this in personam maritime claim pursuing common law remedies. In so ruling, the Court adopts the majority view that the 2011 amendment to § 1441 does not permit the removal of general maritime claims without an independent basis for jurisdiction. . . . The Court rejects the minority position on this issue reflected in Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772 (S.D. Tex. 2013).

(ECF No. 19 at 2-3)

The Plaintiffs now move for an award of attorneys fees for the time spent in federal court.

## II. DISCUSSION

The Plaintiffs seek an award of fees and costs pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In Martin v. Franklin Capital Corporation, 546 U.S. 132, 136 (2005), the Supreme Court held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." The Court stated that "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." Id. at 140. Rather, Congress' intent in providing for a fee award was to reduce "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." Id. By awarding fees only when the removing party lacks an objectively reasonable basis for removal, federal courts would deter the use of removal as a delaying tactic, "while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id.

The Plaintiffs here contend that the Defendant had no objectively reasonable basis for removal because no court in the Eleventh Circuit followed the minority reasoning of Ryan. The Plaintiffs argue that Deroy v. Carnival Corporation, 963 F.3d 1302 (11th Cir. 2020), decided before the Defendant removed this case to federal court, squarely held that removal of an in personam action based solely on general maritime jurisdiction is improper. Deroy involved a plaintiff who filed her claim in federal court based on the forum selection clause in the ticket contract she had entered into with the defendant cruise line. The plaintiff sought to avoid the requirement that the case be heard in federal court by failing to allege in her complaint any basis for federal jurisdiction and then attempting to have the case dismissed.

3

The Eleventh Circuit noted that the savings to suitors clause's impact on removal jurisdiction had no relevance because the case was not a removal, stating, "True, if the plaintiff elects to file a maritime case in state court, that case may not be removed to federal court solely on the basis of admiralty jurisdiction." Id. at 1314 (citing Armstrong v. Ala. Power Co., 667 F.2d 1385, 1388 (11th Cir. 1982)). The court did not address what impact, if any, the 2011 amendment to § 1441 had on this rule. Thus, Deroy is not, as the Plaintiffs suggest, a definitive holding by the Eleventh Circuit that the Ryan line of cases are in error. Moreover, the undersigned notes that the Plaintiffs made no mention of Deroy in their Motion for Remand, although the case is cited in the Plaintiffs' Reply memorandum. Instead, the Plaintiffs urged the court to adopt the majority view on the issue and to reject the reasoning of Ryan

Under these circumstances, the undersigned concludes that the Defendant had an objectively reasonable basis for removal, even though the weight of authority in this Circuit was contrary to his position. The undersigned is mindful that the district judge in Boakye v. NCL (Bahamas) Ltd., 295 F. Supp. 3d 1342 (N.D. Ga. 2018) awarded fees in a similar case, where the defendant also made frivolous arguments pertaining to removal of a Jones Act claim and diversity jurisdiction. Nevertheless, under the particular fact of this case, the undersigned recommends that the Court exercise its discretion by declining to award attorneys' fees to the Plaintiffs.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiffs' Motion for Attorneys' Fees (ECF No. 27) be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1..

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 11th day of March, 2021.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record